UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-531 CAS (SSx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | B. ARONSON, INC., DBA A. ARONSON, INC.; ET AL. v. BRADSHAW INTERNATIONAL, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| John Hanson | David Abel |
| | Nicole King |

**Proceedings:** **MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** (filed 3/21/11)

## I.     INTRODUCTION

On January 18, 2011, plaintiffs B. Aronson Inc., dba A. Aronson Inc. (Aronson), PB&J Consulting Corp., Bruce Aronson and Phebe Aronson filed a complaint against defendants Bradshaw International Inc., ("Bradshaw, Inc."), Douglas J. Bradshaw, Michael Rodrigue and Does 1 to 25 in the instant suit.  On March 2, 2011, the parties stipulated to allow plaintiffs to amend their complaint.  On March 7, 2011, plaintiffs filed a first amended complaint ("FAC").

The FAC alleges that plaintiffs and defendants entered into a distribution agreement and a management agreement in 2004, both of which had a term of five years.  FAC ¶ 11.  "Under the Distribution Agreement, BRADSHAW agreed to exclusively distribute certain kitchenware products for ARONSON as the Licensor."  FAC ¶ 12.  "Under the Management Agreement, BRADSHAW agreed to engage Plaintiffs BRUCE ARONSON and PHEBE Arsonson as managers 'for purposes of managing certain licensing programs, developing new products, generating new licensing opportunities and providing Bradshaw with Aronson's and each Manager's background and licensing experience.'"  FAC ¶ 17.  The complaint alleges that beginning in 2008, defendants engaged in various wrongful acts in connection with the arrangement between the parties, including failing to pay under the agreements, and selling defective products in order to "undermin[e]" plaintiffs' relationships with licensors.  FAC ¶¶ 20, 22, 24, 25, 26, 27.  Plaintiffs further allege that defendants wrongfully copied plaintiffs' product designs and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-531 CAS (SSx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | B. ARONSON, INC., DBA A. ARONSON, INC.; ET AL. v. BRADSHAW INTERNATIONAL, INC.; ET AL. | | |

used them to produce competing products. FAC ¶¶ 30-34, 38-43, 45, 49. In connection with these allegations, the FAC alleges claims for: (1) breach of contract; (2) intentional interference with prospective economic advantage; (3) interference with business relationship; (4) fraud; (5) misappropriation of trade secrets; and (6) state and commonlaw unfair competition.

On March 21, 2011 defendants filed the instant motion to dismiss the FAC pursuant to Rules 12(b)(6) and 9(b). On April 7, 2011, plaintiffs filed an opposition to the motion. On April 18, 2011, defendants filed a reply in support of their motion. Defendants' motion to dismiss is currently before the Court.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-531 CAS (SSx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | B. ARONSON, INC., DBA A. ARONSON, INC.; ET AL. v. BRADSHAW INTERNATIONAL, INC.; ET AL. | | |

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-531 CAS (SSx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | B. ARONSON, INC., DBA A. ARONSON, INC.; ET AL. v. BRADSHAW INTERNATIONAL, INC.; ET AL. | | |

from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d at 1106 (internal quotation marks and citations omitted). It is not sufficient to merely identify the transaction. Rather "[t]he plaintiff must set forth what is false or misleading about a statement and why it is false." Id. (citations omitted).

## III. DISCUSSION

First, defendants argue, the complaint should be dismissed because plaintiffs have not established that any of them have standing to bring the instant suit. Defendants assert that plaintiffs may not have standing because on its face, the FAC pleads that "ARONSON sold its assets to Evirholder." Mot. at 7-8. Because an asset sale of a company is generally understood as including the claims arising out of those assets, "a fair reading of the FAC must conclude that Evirholder would be the entity having the 'causes of action' assets of ARONSON, not whatever shell of ARONSON became PB&J Consulting in December of 2009 after the asset sale." Id. at 8.

Defendants further argue that plaintiffs' first claim for breach of contract should be dismissed. Id. at 9. To the extent the claim is based on breaches of the distribution agreement in connection with General Mills products, defendants argue that the claim fails because "Exhibit D to the FAC shows that ARONSON provided BII a full release of any General Mills product claim." Id. To the extent the claim is made in connection with Kraft products, defendants argue that it fails because "[t]here is no reservation of a claim relating to the Kraft logo products mentioned in the settlement or windup letter of Exh. D." Id. "Further, a fair reading of the Agreements of the FAC would conclude that the Aronson license with Kraft expired in 2005," such that the claims would be time-barred. Id. With respect to alleged breaches for failure to pay under the management agreement, defendants argue that it fails because "[t]here is no indication that a notice of the alleged failure to pay $250,000 in development costs was provided during the term of the Management Agreement, and thus there was no opportunity to cure." Id. at 10. Moreover, defendants argue, the right to payment was held by Aronson and therefore passed to Evirholder. "If the individual Plaintiffs have any individual claim for unpaid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-531 CAS (SSx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | B. ARONSON, INC., DBA A. ARONSON, INC.; ET AL. v. BRADSHAW INTERNATIONAL, INC.; ET AL. | | |

development costs, that claim is against Evirholder, which purchased the asset of any right to seek unpaid fees under the Management Agreement." Id.

Defendants next argue that plaintiffs' second claim for tortious interference with prospective economic advantage should also be dismissed for failure to state a claim. First, defendants argue, plaintiffs' claim cannot stand to the extent that they are based on alleged "customer relationships with 'Walmart and others' during the term of the Agreements," because pursuant to the terms of the distribution and management agreements attached to the complaint, "Plaintiffs contractually could not have had *any other* relationships besides what they had with BII as **BII was the exclusive distributor of the ARONSON products and beneficiary of the management services**." Id. at 11. Moreover, defendants argue, the entities with whom plaintiffs allege they had business relationships in fact had business relationships with defendants. "[D]ue to the terms of the Agreements, ARONSON cannot claim any probability of economic advantage with respect to any relationship that existed during the term of the Agreements because those relationships belonged to [defendants]." Id. at 14. Additionally, defendants argue, plaintiffs' claim fails because it "does not adequately plead that: (a) any of the Defendants committed any independently wrongful act or (b) any Plaintiff had a probability of future economic benefit from any business relationship." Id. at 12.

Defendants further argue that none of the alleged acts that could possibly underpin the interference claim are wrongful. First, they argue, offering a similar product at a lower price is "the essence of free market competition and is not wrongful conduct under the law." Id. at 13, citing Bed, Bath and Beyond of La Jolla v. La Jolla Village Square Venture Partners, 52 Cal. App. 4th 867, 881 (1997). Further, defendants argue, "there is no provision in the Distribution Agreement or the Management Agreement or any documents attached to Plaintiffs' FAC stating that BII cannot compete with Aronson with similar products *during* or *after* the term of the Agreements." Mot. at 13. Additionally, defendants argue, plaintiffs' allegedly "proprietary" products were not protectable, and therefore the alleged copying is not a sufficient predicate for this claim either. To the extent plaintiffs rely on their allegations that defendants continued to sell Aronson products after the term of the agreements, defendants argue that this was not wrongful because they "had the right to sell off the ARONSON products having the brands for up to a year after the termination of the Agreements." Id. at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 11-531 CAS (SSx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | B. ARONSON, INC., DBA A. ARONSON, INC.; ET AL. v. BRADSHAW INTERNATIONAL, INC.; ET AL. | | |

With respect to plaintiffs' third claim for "interference with business relationship," defendant argues that no such claim exists under California law. Therefore, defendants construe the claim to be a claim for interference with contract. Id. at 15. However, defendants argue, because plaintiffs "do not adequately identify any established contracts relevant to its claim," such a claim cannot stand." Id. at 16.

Defendants then argue that plaintiffs' fourth claim for fraud should be dismissed for failure to comply with Rule 9(b). Id. at 17. "Plaintiffs fail to state with specificity the 'time, place, and specific content' of the alleged misrepresentations giving rise to a fraud claim in the FAC." Id. at 18.

Next, defendants argue that plaintiffs' fifth claim for misappropriation of trade secrets should also be dismissed because "Aronson does not have any protectable trade secret." Id. at 20. "There is no allegation that the plastic products have any inherent trade secrets once sold to the public. The shape is not a trade secret. The added value of these products delivered from ARONSON's licenses to affix certain trademarks to the items, hence, its role as 'Licensor' in the Distribution Agreement. Plaintiffs do not allege that the products have any unique protectable features other than the licensed brand names. . . . Plaintiffs' only other allegation that ARONSON's pricing represents a trade secret is inconsistent with the Agreements and the fact that BII negotiated the purchase prices with ARONSON." Id. at 20-21.

Defendants additionally argue that plaintiffs' sixth claim for unfair competition fails both as alleged under the UCL and as alleged under common law unfair competition. It fails as alleged under the UCL because plaintiffs seek damages in the form of lost profits, while "[r]elief under a UCL claim is limited to restoration of funds paid by a plaintiff to a defendant." Id. at 22. Moreover, because they "do not plead the absence of an adequate remedy at law," they cannot recover under the UCL, which "provides equitable relief to plaintiffs only when no legal remedy is available." [1] Id. at 24.

---

[1] Defendants argue also that plaintiffs' request for an injunction against trademark infringement in paragraph 165 cannot stand because "there is no allegation that Plaintiffs own any trademarks. They cannot have standing to seek injunctive relief on trademarks absent an allegation of ownership." Mot. at 7 n. 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-531 CAS (SSx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | B. ARONSON, INC., DBA A. ARONSON, INC.; ET AL. v. BRADSHAW INTERNATIONAL, INC.; ET AL. | | |

Additionally, defendants argue that plaintiffs have failed to allege any predicate unlawful, fraudulent, or unfair actions cognizable under that statute. Id. at 23. To the extent plaintiffs allege a common law claim for unfair competition, defendants argue that they fail to plead the required elements for either a "palming off" claim or a "trade name infringement" claim, which defendants contend are the only recognized unfair competition claims under California common law. Id. at 25.

In addition to arguing that the individual claims fail generally, defendants argue that the complaint should be dismissed as against defendants Douglas J. Bradshaw and Michael Rodrigue. "The FAC asserts that [the individual defendants] are founders, officers and/or shareholders of [Bradshaw, Inc.]. FAC ¶ 8. While there is a naked alter ego assertion, for the non-fraud claims the FAC fails to sufficiently plead facts supporting the piercing of the corporate veil–there is no allegation that the individuals ever acted outside of the scope of their duties as officers of [Bradshaw, Inc.]. As there is no contention that [Bradshaw, Inc.] is insufficiently capitalized to address any claims asserted in this action, there is no basis for any of the business claims to be asserted as against the individuals." Mot. at 1. "[T]here is not a single allegation about DJBradshaw in the entire FAC and the few allegations regarding Mrodrigue's conduct are specifically related to actions within the scope of his employment at BII and as an officer and/or director of BII." Reply at 4.

In opposition, plaintiffs argue that defendants' motion to dismiss is based on "conjecture, extrinsic 'evidence' and the apparent belief that Plaintiffs must anticipate Defendants' unproven affirmative defenses when pleading causes of action." Opp. at 1. First, with respect to defendants' argument that the action should be dismissed for failure to establish standing, plaintiffs argue that they "have met the requirements of showing an injury in fact that was caused by Defendants' conduct that can be redressed by this suit. Therefore, Defendants' motion to dismiss based on standing should be denied." Id. at 4. Plaintiffs further contend that defendants' suggestion that they should be required to "submit the asset purchase agreement" is inappropriate at this stage in the litigation, as it would require the court to make factual determinations outside the scope of the pleadings. Id.

As to plaintiffs' contract claim, plaintiffs argue that defendants reliance on the release attached as Exhibit D as a bar to any claims related to General Mills products is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-531 CAS (SSx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | B. ARONSON, INC., DBA A. ARONSON, INC.; ET AL. v. BRADSHAW INTERNATIONAL, INC.; ET AL. | | |

misplaced as plaintiffs have specifically pled that the consideration for that release was never paid. Id. at 5. With respect to claims regarding the Kraft products, plaintiffs argue that they "were not required to reserve their claims arising from the Distribution Agreement in order to bring the claims. Further, there is nothing in the Letter Agreement that indicates it was to apply to all claims related to the Distribution Agreement." Id. Additionally, in response to defendants' claim that the licensing agreement with Kraft ended in 2005, plaintiffs argue that there is no indication that the license was not extended, and, moreover, that such a determination would require looking outside of the pleadings and therefore should not be undertaken on a motion to dismiss. Id. In response to defendants' contention that the claim cannot stand to the extent it is based on failure to pay development costs because there is no allegation of notice and an opportunity to cure, plaintiffs argue that the contract does not require such notice and opportunity to cure except in the event of termination of the agreements, which was not at issue in this case.[2] Id. at 6-7.

Plaintiffs further argue that their second claim for intentional interference with prospective economic advantage is sufficient to withstand a motion to dismiss. "Contrary to Defendants' assertions, whether or not Bradshaw was the exclusive distributor for Aronson's products during the time period in question does not conclusively establish that Plaintiffs could not have some type of business relationship with Walmart or others. In fact, Plaintiff's relationship with Walmart preceded the Distribution Agreement, and Plaintiffs intended for the relationship to continue long after the Distribution Agreement ended." Id. at 8. Moreover, plaintiffs argue, they sufficiently plead wrongful conduct in alleging that defendants copied their products, used confidential information "regarding Aronson's pricing and its customers and their needs to steal business from Aronson," and sold plaintiffs' products as their own. Id. at 9. Further, plaintiffs argue, to the extent defendants contend that the information they acquired was not protectable, facts and information outside of the pleadings are necessary to resolve that question and therefore it is not a proper argument on a motion to dismiss. Id. at 10.

---

[2] Plaintiffs also assert that "[d]efendants do not dispute that Plaintiffs have adequately plead a cause of action for breach of the Management Agreement based on Defendants' failure to pay the monthly manager compensation." Opp. at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA     O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-531 CAS (SSx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | B. ARONSON, INC., DBA A. ARONSON, INC.; ET AL. v. BRADSHAW INTERNATIONAL, INC.; ET AL. | | |

With respect to their third claim for intentional interference with business relationships, plaintiffs assert that defendants are incorrect in their characterization of the claim as one for interference with contract, and therefore that any argument that plaintiffs fail to allege the elements for that claim is inapposite. Id. at 12. "In their third cause of action, Plaintiffs alleged the existence of ongoing relationships with Walmart, Kraft, General Mills which they reasonably expected would result in future economic benefit to Plaintiffs. (FAC, 15:28 through 16:11, ¶¶ 100-103). Plaintiffs alleged defendants were aware of the relationship and wrongfully attempted to disrupt these relationships by means of false statements and publishing false information. As the result of this conduct, Plaintiffs suffered damages. (FAC. 16:12 through 17:8, ¶¶ 104-110). These allegations are sufficient to support the third [claim]." Id. at 13.

Plaintiffs also argue that their fraud claim is sufficient under Rule 9(b). They refer to allegations in their complaint of specific misrepresentations, including those at paragraphs 112 through 114 and 116 through 122. Id. at 14-15. In these paragraphs, plaintiffs contend that they allege with particularity statements made regarding defendants' intentions to pay "for costs associated with claims made by General Mills for defective products," and defendants' intention to purchase Aronson under agreed-upon terms. Id.

Plaintiffs additionally contend that their sixth claim for misappropriation of trade secrets is sufficient, and that defendants' arguments to the contrary raise questions that cannot be decided on a motion to dismiss. "Just because an item has a simple description on a list between a distributor and a supplier does not mean its design is not a protectable trade secret. Plaintiffs have alleged that the designs of its products were confidential, they took reasonable measures to protect their confidentiality, and they derived independent economic value from the design not being known to the public. Plaintiffs then alleged that Defendants took and opened the tooling for Aronson's Wonder Bread Container and used it to make an identical container. The allegations are sufficient to state a cause of action for misappropriation of trade secrets. Additionally, Plaintiffs alleged that its pricing was a protectable trade secret, and Defendants used confidential pricing information it took from Plaintiffs to undersell Plaintiffs and interfere with its customer and potential customer relationships." Id. at 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-531 CAS (SSx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | B. ARONSON, INC., DBA A. ARONSON, INC.; ET AL. v. BRADSHAW INTERNATIONAL, INC.; ET AL. | | |

Lastly, plaintiffs dispute defendants' contention that their unfair competition claim fails because it seeks damages. Id. "In fact, the primary aim of this cause of action is to prevent Defendants from using confidential information obtained from Plaintiffs and selling products made as a result of Defendants' misuse of that information." Id. Plaintiffs also argue that the claim does not fail on the grounds that they do not plead a sufficient predicate violation because their misappropriation of trade secrets claim is adequate. Id. at 17.

Preliminarily, the Court concludes that on the record before it, plaintiffs have standing to bring their claims. While defendants may be correct that the claims were sold to Evirholder in the sale of Aronson's assets, that is not apparent on the face of the complaint or in the attached agreements. Defendants may renew this argument at a later date in a motion for summary judgment based on evidence that may be acquired in discovery.

With respect to the individual defendants, plaintiffs fail to make sufficient allegations to support piercing of the corporate veil, and also fail to make any allegations that the individuals took any actions outside of the scope of their employment. Therefore, the Court dismisses the second through sixth claims to the extent they are alleged against Douglas J. Bradshaw and Michael Rodrigue. The Court will allow plaintiffs leave to amend to add allegations that support their theory of individual liability or to dismiss those defendants.

Additionally, the Court concludes that plaintiffs' first and fifth claims should not be dismissed. With respect to plaintiffs first claim for breach of contract, the Court first finds that the letter agreement attached as Exhibit D does not preclude plaintiffs from bringing the claim. To the extent that the breach of contract claim is based on the General Mills products, plaintiffs sufficiently allege that the release in the agreement is not effective because they did not receive the consideration for the release. To the extent the claim is based on other products, the letter agreement does not address these claims as it is not a general release. Furthermore, the Court concludes that the balance of defendants' arguments are more properly addressed on a motion for summary judgment rather than on a motion to dismiss. Specifically, the Court concludes that the question of whether the claim is untimely with respect to the Kraft products, whether the shortfall is owed to Evirholder rather than plaintiffs, and the affirmative defense of failure to give

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-531 CAS (SSx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | B. ARONSON, INC., DBA A. ARONSON, INC.; ET AL. v. BRADSHAW INTERNATIONAL, INC.; ET AL. | | |

notice and opportunity to cure, are all best addressed at the summary judgment stage. Similarly, the Court concludes that defendants' argument with respect to plaintiffs' fifth claim that plaintiffs did not have any protectable trade secrets is better addressed on summary judgment. Plaintiffs adequately allege the elements of a misappropriation claim, including subject matter that is capable of trade secret protection. While defendants may be able to prove on a motion for summary judgment that the product designs were not protected, plaintiffs have alleged the claim sufficiently for the purposes of this motion. Therefore, the Court DENIES defendants' motion with respect to plaintiffs' first and fifth claims.

Because the Court finds that plaintiffs have alleged a claim for misappropriation of trade secrets, it concludes that such allegations can serve as the predicate wrongful acts on which to base plaintiffs' second claim for intentional interference with prospective economic advantage. Further, the Court finds that defendants' argument that the entities in question did not have a business relationship with plaintiffs is better addressed on summary judgment. The Court construes plaintiffs' theory to be that despite the fact that the products were purchased through defendants, that plaintiffs also had a relationship with customer-retailers as the manufacturer of the products. These allegations are sufficient to allege those elements of plaintiffs' claim. However, the Court is persuaded that plaintiffs do not sufficiently allege that they had a reasonable expectation of future economic benefit from these relationships. The Court therefore GRANTS defendants' motion with respect to plaintiffs' second claim with leave to amend in order to add such an allegation. With respect to plaintiffs' third claim, for "interference with business relationship," no such claim exists under California or federal law. The Court construes plaintiffs' opposition to suggest that they intend this claim to proceed as one for intentional interference with prospective economic advantage. To the extent that is the case, it is duplicative of plaintiffs' second claim. Therefore, the Court GRANTS defendants' motion with respect to plaintiffs' third claim. The Court anticipates that plaintiffs will amend their second claim to incorporate the additional allegations of the third claim if this is indeed what they intend.

With respect to plaintiffs' fourth claim for fraud, the Court is persuaded that it does not have the requisite particularity required by Rule 9(b). Specifically, the Court finds that plaintiffs must more specifically state the alleged misrepresentations and their attendant circumstances. Additionally, plaintiffs must state their reliance on the alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-531 CAS (SSx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | B. ARONSON, INC., DBA A. ARONSON, INC.; ET AL. v. BRADSHAW INTERNATIONAL, INC.; ET AL. | | |

misrepresentations with greater specificity. The Court therefore GRANTS defendants' motion with respect to plaintiffs' fourth claim with leave to amend.

To the extent plaintiffs' sixth claim for unfair competition is alleged under common law, plaintiffs do not sufficiently allege the requisite elements of such a claim. To the extent the claim proceeds under the UCL, however, the Court finds that the claim is properly stated except to the extent it purports to seek damages. The Court finds that plaintiffs have sufficiently alleged the inadequacy of a remedy at law, and that their allegations of misappropriation of trade secrets are sufficient to allege a predicate unlawful act. However, it appears to the Court that plaintiffs are in part requesting damages in the form of non-restitutionary disgorgement of profits to which they had no ownership or vested interest. This is not allowed under the UCL. See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134 (2003); WITKIN, SUMMARY OF CALIFORNIA LAW EQUITY §125. Therefore, the Court dismisses plaintiffs' sixth claim with leave to amend.

## IV. CONCLUSION

In light of the foregoing, the Court GRANTS defendants' motion to the extent plaintiffs' claims are alleged against defendants Douglas J. Bradshaw, and Michael Rodrigue. The Court otherwise DENIES defendants' motion to dismiss with respect to plaintiffs' first and fifth claims for breach of contract and misappropriation of trade secrets. The Court GRANTS defendants' motion without prejudice with respect to plaintiffs' second, fourth and sixth claims for intentional interference with prospective economic advantage, fraud, and unfair competition. The Court GRANTS defendants' motion with respect to plaintiffs' third claim for "intentional interference with business relationship" with prejudice. Plaintiffs' shall file an amended complaint within **thirty (30)** days. Plaintiffs are admonished that failure to do so may result in the Court dismissing these claims with prejudice.

IT IS SO ORDERED.

| | 00 | : | 05 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |