1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

10  B. ARONSON, INC., ET AL.,           )   NO. CV 11-00531 CAS (SSx)
                                        )
11            Plaintiffs,               )
                                        )
12        v.                            )   **MEMORANDUM AND ORDER RE: PARTIES'**
                                        )
13  BRADSHAW INTERNATIONAL, INC.,       )   **STIPULATED PROTECTIVE ORDER**
    ET AL.,                             )
14                                      )
            Defendants.                 )
15  _____)

16

17      The Court has received and considered the parties' "[Proposed]

18  Stipulated Protective Order" (the "Protective Order").  The Court is

19  unable to adopt the Protective Order as stipulated to by the parties for

20  the following reasons:

21

22      First, a protective order must be narrowly tailored and cannot be

23  overbroad.  Therefore, the documents, information, items or materials

24  that are subject to the protective order shall be described in a

25  meaningful and specific fashion (for example, "personnel records,"

26  "medical records," or "financial information," etc.).  Here, the parties

27  define confidential information as "information which has not been made

28  public and which concerns or relates to the Parties' business

1  practices."  (Protective Order at 2, ¶ 3).  This definition could
2  arguably include every item of information generated by either party,
3  if they have not provided such information to the public.  As such, the
4  definition is overbroad.  The parties may submit a revised stipulated
5  protective order, but must correct this deficiency.

6

7      Second, the Protective Order does not establish the requisite good
8  cause.  Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir., as
9  amended 2010) ("The relevant standard [for the entry of a protective
10  order] is whether good cause exists to protect the information from
11  being disclosed to the public by balancing the needs for discovery
12  against the need for confidentiality." (internal quotation marks and
13  alteration omitted)); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d
14  1122, 1130 (9th Cir. 2003) (court's protective order analysis requires
15  examination of good cause (citing Phillips v. Gen. Motors Corp., 307
16  F.3d 1206, 1210-11, 1212 (9th Cir. 2002)).

17

18      The Court may only enter a protective order upon a showing of good
19  cause.  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176
20  (9th Cir. 2006) (stipulating to protective order insufficient to make
21  particularized showing of good cause, as required by Rule 26(c));
22  Phillips, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good
23  cause for a protective order);  Makar-Wellbon v. Sony Electrics, Inc.,
24  187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders
25  require good cause showing).

26

27      In any revised stipulated protective order submitted to the Court,
28  the parties must include a statement demonstrating good cause for entry

                                    2

1   of a protective order pertaining to the documents or information
2   described in the order.   The documents to be protected shall be
3   specifically described and identified.   The paragraph containing the
4   statement of good cause should be preceded by the phrase: "GOOD CAUSE
5   STATEMENT."   The parties shall articulate, for each document or category
6   of documents they seek to protect, the specific prejudice or harm that
7   will result from the disclosure of those particular documents if no
8   protective order is entered.   Foltz, 331 F.3d at 1130.
9
10      Third, the Court reminds the parties that all future discovery
11  documents filed with the Court shall include the following in the
12  caption: "[Discovery Document: Referred to Magistrate Judge Suzanne H.
13  Segal]."
14
15      Finally, the Court notes that its website contains additional
16  guidance regarding protective orders.   This information is available in
17  Judge Segal's section of the link marked "Judges Procedures &
18  Schedules." (See http://www.cacd.uscourts.gov/CACD/JudgeReq.nsf/2fb08
19  0863c88ab47882567c9007fa070/0141b1bcd8ee7f8488256bbb00542959?OpenDocu
20  ment).
21
22      IT IS SO ORDERED.
23
24  DATED: November 2, 2011
25                                              /S/
26                                     _____
                                       SUZANNE H. SEGAL
27                                     UNITED STATES MAGISTRATE JUDGE
28

3