JEFFREY A. ROSENFELD (Bar No. 136896)
jeffrey.rosenfeld@dlapiper.com
DAVID B. ABEL (Bar No. 156744)
david.abel@dlapiper.com
MATTHEW D. CAPLAN (Bar No. 260388)
matthew.caplan@dlapiper.com
NICOLE C. KING (Bar No. 266672)
nicole.king@dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA  90067-4704
Tel:  310.595.3000
Fax:  310.595.3300

Attorneys for Defendants
BRADSHAW INTERNATIONAL, INC.;
DOUGLAS J. BRADSHAW; and MICHAEL
RODRIGUE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B. ARONSON INC., dba A. ARONSON INC., a corporation; PB & J CONSULTING CORP., a corporation; BRUCE ARONSON, an individual; and PHEBE ARONSON, an individual,<br><br>            Plaintiffs,<br><br>      v.<br><br>BRADSHAW INTERNATIONAL, INC., a corporation; DOUGLAS J. BRADSHAW,[1] an individual; MICHAEL RODRIGUE, an individual; and DOES 1 to 25, inclusive,<br><br>            Defendants. | CASE NO.  CV11-00531 CAS (ssx)<br><br>*[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]*<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:    January 18, 2011<br>Trial Date:             November 13, 2012 |

---

[1] The Second Amended Complaint does not assert any cause of action as against Douglas J. Bradshaw.

1  BRADSHAW INTERNATIONAL,
   INC., a corporation; DOUGLAS J.
2  BRADSHAW,  an individual;
   MICHAEL RODRIGUE, an individual,
3
               Counterclaim Plaintiffs,
4              Third Party Plaintiffs
5      v.
6
   B. ARONSON INC. dba A. ARONSON
7  INC., now PB&J CONSULTING
   CORP., a corporation; BRUCE
8  ARONSON, an individual; PHEBE
   ARONSON, an individual and
9  EVRIHOLDER PRODUCTS LLC, a
   limited liability company,
10
               Counterclaim Defendants
11             Third Party Defendants
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
EAST\47667877.1

1         Plaintiffs B. Aronson Inc., dba A. Aronson Inc., PB&J Consulting Corp.,

2    Bruce Aronson, and Phebe Aronson (collectively, "Plaintiffs"); Third Party

3    Defendant Evriholder Products LLC ("Third Party Defendant" or "Evriholder");

4    Defendants Bradshaw International, Inc. ("Bradshaw") and Michael Rodrigue

5    ("Rodrigue") (collectively, "Defendants"); and Counterclaim and Third Party

6    Plaintiff Douglas J. Bradshaw ("DBradshaw") hereby STIPULATE and AGREE

7    pursuant to Federal Rule of Civil Procedure 26(c), subject to approval of the Court,

8    to the following Protective Order:

9         1.    Disclosure and discovery activity in this action are likely to involve

10   production of confidential, proprietary, or private information for which special

11   protection from public disclosure and from use for any purpose other than

12   prosecuting this litigation would be warranted.  In addition, as the parties are

13   competitors, certain business confidential, highly proprietary, and/or private

14   information may be appropriate for protection from disclosure to the other party but

15   still subject to production on an attorneys eyes only basis.  Accordingly, the parties

16   hereby stipulate to and petition the Court to enter the following Stipulated

17   Protective Order.  Plaintiffs, Evriholder, Defendants, and DBradshaw (collectively,

18   the "Parties") acknowledge that this Order does not confer blanket protections on

19   all disclosures or responses to discovery and that the protection it affords extends

20   only to the limited information or items that are entitled under the applicable legal

21   principles to treatment as confidential.

22        2.    In connection with discovery and the trial of this action, the Parties

23   may designate certain documents and testimony, or other information derived

24   therefrom, as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

25   under the terms of this Stipulation and Stipulated Protective Order ("Order").

26        3.    "Confidential" information is information which has not been made

27   public and which concerns or relates to the Parties' business practices and falls

28   within Federal Rule of Civil Procedure 26(c)(1)(G), including within the following

categories: documents defined as "confidential" in agreements between the Parties, lists and contact information for customers or affiliates; documents describing concepts, ideas, proposals, designs, inventions, devices, methods of manufacturing, techniques, development processes, marketing programs, and trade secrets; information or data concerning the products or services provided; and the business or financial condition of a Party or its affiliates, specifically financial data or plans, budgets, financial statements, business plans, research and development plans, strategic, marketing, or sales information concerning customers and suppliers, pricing policies, or contracts.

4.      Information or materials designated as "Highly Confidential – Attorneys' Eyes Only" shall be documents and things that include highly sensitive business information under Federal Rule of Civil Procedure 26(c)(1)(G), including currently competitive trade secrets, confidential technical information, methods, or other know-how, minutes of Board meetings, pricing data, financial data, sales information, customer-confidential information, agreements or relationships with non-parties designated as confidential between the parties to such agreements, market projections or forecasts, strategic business plans, selling or marketing strategies or new product development, testing, manufacturing costs or information about employees, and therefore protected from disclosure to a competitor.

5.      **GOOD CAUSE STATEMENT**.

Bradshaw and Evriholder are direct competitors, and Evriholder currently employs or formerly employed Bruce Aronson and Phebe Aronson, all Parties to this suit, and this suit cannot be used to gain a competitive advantage through open discovery and public disclosure of sensitive commercial information.  Bradhaw and Evriholder believe that the designation of certain documents as "Highly Confidential – Attorneys' Eyes Only" is necessary because the Parties currently compete in the same markets, and thus, there is significant risk in disclosing certain highly sensitive information beyond their counsel.  The Parties could be irreparably

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
EAST\47667877.1

harmed if information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is divulged or somehow wrongly misused by the Parties or non-parties. The unfettered disclosure of the above-listed information, including but not limited to the filing of the documents in the public record, could be harmful to the commercial interests of one or more of the Parties in this action. There is good cause to enter this Protective Order to ensure adequate protection against the wrongful use or disclosure of Protected Material, and to protect the value associated with the Protected Material. Any violation of the confidentiality obligations set forth in this Protective Order could be detrimental and prejudicial to one or more Parties. The Aronsons believe that Bradshaw's and Evriholder's concerns set forth in this paragraph are asserted in good faith.

6. A party receiving ("Receiving Party") material protected under this agreement ("Protected Material") may use Protected Material disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

7. By designating a document, testimony or other information derived therefrom as Protected Material labeled either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order, the Parties are certifying that there is a good faith basis both in law and in fact for the designation. Such "Confidential" and "Highly Confidential – Attorneys' Eyes Only" materials shall be used solely in connection with this lawsuit, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

8. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order should be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

DLA PIPER LLP (US)
LOS ANGELES

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
EAST\47667877.1

(a)    <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the party producing Protected material ("Producing Party") affix the legend **"Confidential" or "Highly Confidential – Attorneys' Eyes Only"** on each page that contains protected material, or prominently on each electronic media that contains protected material.

(b)    <u>for testimony given in deposition or in other pretrial proceedings</u>, testimony taken at a deposition may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by making a statement to that effect on the record at the deposition or other proceeding.  Following the deposition, the party wishing to designate certain testimony as Protected Material ("Designating Party") shall have 30 days, after the transcript becomes available, to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

(c)    <u>for information produced in any other form, including any tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend **"Confidential" or "Highly Confidential – Attorneys' Eyes Only."**  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

9.    Information or material produced which is designated as "Confidential" may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

a.    in-house counsel of a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

- 4 -

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
EAST\47667877.1

b.  experts or consultants (together with their clerical staff) retained to assist in the prosecution, defense, or settlement of this action who sign an undertaking confirming that they have reviewed and agree to be bound by the terms of the protective order;

c.  court reporter(s) employed in this action;

d.  a witness at any proceeding in this action; and,

e.  any other person as to whom the Disclosing Party agrees in writing.

10.     Information or material designated as "Highly Confidential – Attorneys' Eyes Only" or copies or extracts there from and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a.  Parties' outside counsel of record in this action and employees of such counsel to whom it is necessary that the information or material be shown for the purpose of this lawsuit;

b.  witnesses of the party producing the information in this lawsuit;

c.  experts or consultants (together with their clerical staff) retained to assist in the prosecution, defense, or settlement of this action who sign an undertaking confirming that they have reviewed and agree to be bound by the terms of the protective order;

d.  the Court;

e.  court reporter(s) employed in this action; and

f.  any other person as to whom the Disclosing Party agrees in writing.

11.     Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Protected Material as it deems appropriate.

12.     In the event that any Protected Material is used in any proceeding in

- 5 -

this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use; however, this Paragraph does not apply where the Protected Material appears in the public record.

13. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5 and this Court's published procedures requiring an application to the Court for an order to seal documents.

14. This Stipulation is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Stipulation nor the production of any information or document under the terms of this Stipulation nor any proceedings pursuant to this Stipulation shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof. Neither the stipulation nor its contents, nor designation of a document as "Confidential" or "Highly Confidential – Attorney's Eyes Only", nor any party's objection or failure to object to such a designation is admissible as evidence for the purpose of proving or disproving any matter at issue in the litigation. Further, the Parties agree that the "Confidential" or "Highly Confidential – Attorney's Eyes Only" designations provided on documents for purposes of production under this Protective Order are not admissible for any purpose. In addition, the parties agree that the "Confidential" and "Highly Confidential" designations added pursuant to this Protective Order shall not appear on any trial exhibit or any other document shown to the jury.

15. Inadvertent production of privileged material, or the inadvertent failure

to designation material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," does not waive the privileged or confidential status of the document or information.

16.    If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, and must immediately (a) notify in writing the Designating Party of any disclosures of such Protected Material, (b) use its best efforts to retrieve all copies of the Protected Material, and (c) inform the person or persons to whom disclosures were made of all the terms of this Order.  If the undesignated documents have already been filed with the Court without the confidential designation, the Designating Party may move the court for filing of the document under seal.

17.    Any party may challenge the confidentiality designation of the other party, but shall be required to maintain the confidentiality of the information unless and until a ruling issues designating that the information ought not be deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or the Designating Party fails to seek a ruling on the confidentiality of the designated material, as set forth in detail in Paragraph 20.

18.    A party that elects to initiate a challenge to a Designating Party's confidentiality designation must begin the process by conferring directly with counsel for the Designating Party, pursuant to the Local Rules.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to

- 7 -

1    review the designated material, to reconsider the circumstances, and, if no change

2    in designation is offered, to explain the basis for the chosen designation.

3         19.    If the parties are unable to resolve their dispute regarding the

4    confidentiality of the designated material following the meet and confer process set

5    forth in Paragraph 18, the Designating Party must, pursuant to Federal Rule of Civil

6    Procedure 26, and the rules of this Court, file and serve a motion for a protective

7    order that identifies the material designated as confidential and affirms that the

8    movant has complied with the meet and confer requirements imposed in the

9    preceding paragraph.  The Designating Party bears the burden of persuading the

10   Court that the information is Confidential within the definition of that term set forth

11   above.

12        20.     In the case of a dispute, the material designated as confidential will be

13   deemed confidential until thirty (30) days following the start of the meet and confer

14   process set forth in Paragraph 18.  If the Designating Party files a motion for a

15   protective order, as set forth in Paragraph 19, the designated material maintains its

16   confidentiality designation until the court orders otherwise.  If the Designating

17   Party fails to file a motion for a protective order following the meet and confer

18   process, after thirty days from the start of the meet and confer process, the material

19   is no longer considered confidential.

20        21.    Upon written request, at the conclusion of this matter, the Parties

21   hereby agree to promptly return all copies of all Protected Material received; or, in

22   the alternative, such parties may shred all copies of all such Protected Material and

23   promptly send written confirmation from the other Party that it has complied with

24   the terms of this Stipulation.  Notwithstanding, Counsel shall be able to retain a

25   copy of confidential information that has been submitted in a pleading or marked as

26   an exhibit in a deposition.

27        22.    Even after the termination of this litigation, the confidentiality

28   obligations imposed by this Order shall remain in effect until a Designating Party

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

EAST\47667877.1

1   agrees otherwise in writing or a court order otherwise directs.  This Court retains

2   and shall have jurisdiction over the Parties, their attorneys and all recipients of

3   discovery designated "Confidential" or "Highly Confidential – Attorneys' Eyes

4   Only" for the enforcement of the provisions of this Order following termination of

5   this case, and/or to terminate all or some of the provisions of this Order on

6   application by any party.

7         23.     This Order shall not preclude a party from exercising any rights or

8   raising any objections otherwise available to them under the rules of discovery and

9   evidence.

10        24.     This Order shall be binding upon the Parties to this action, the

11  attorneys for each party and upon any recipient of discovery designated as

12  "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and upon any

13  successor, executor, personal representative, administrator, heir, legal

14  representative, assignee, subsidiaries, division, employee, agent, independent

15  contractor, or other person or legal entity over which any party or attorney or

16  recipient of documents covered by this Order may have control.

17

18

19  IT IS SO STIPULATED by counsel of record:

20  Dated:  December  22, 2011              DLA PIPER LLP (US)

21

22

23                          By   /s/ Matthew D. Caplan
                                 JEFFREY A. ROSENFELD
24                               DAVID B. ABEL
                                 MATTHEW D. CAPLAN
25                               NICOLE C. KING
                                 Attorneys for Defendants
26                               BRADSHAW INTERNATIONAL, INC.;
                                 DOUGLAS J. BRADSHAW; and
27                               MICHAEL RODRIGUE

28

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
EAST\47667877.1

1

2

DATED: December  21, 2011

LAW OFFICES OF WORTHE HANSON & WORTHE

3

4

5

6

7

By   /s/ Siobhan M. Bishop
    JOHN R. HANSON
    TODD C. WORTHE
    SIOBHAN M. BISHOP
    Attorneys for Plaintiffs B. ARONSON
    INC., DBA A. ARONSON, INC., PB&J
    CONSULTING CORP., BRUCE
    ARONSON, AND PHEBE ARONSON

8

9

DATED: December  22, 2011

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

10

11

12

13

By   /s/ Eric. J. Lorenzini
    JEFF RIFFER
    ERIC J. LORENZINI
    Attorneys for Third Party Claim
    Defendant EVRIHOLDER PRODUCTS
    LLC

14

15

16

**IT IS SO ORDERED**

**/S/ Suzanne H. Segal**
U.S. Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

DLA Piper LLP (US)
Los Angeles

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
EAST\47667877.1